## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

BRIDGETTE BOTT,

Plaintiff,

vs.

RIC L. BRADSHAW,
as Sheriff of Palm Beach
County
Defendant.

CASE NO.: 502013CA011793XXXXMB AO

## VERIFIED FIRST AMENDED COMPLAINT

1.  Plaintiff, BRIDGETTE BOTT, hereby sues Defendant, RIC L. BRADSHAW, as Sheriff of Palm Beach County, for violations of her rights under the Florida Public Sector Whistleblower Act, §112.3187, Fla. Stat., and the First Amendment to the U.S. Constitution, actionable in accordance with 42 U.S.C. §1983, when she testified about unlawful activities by other persons employed by the Defendant and by former Assistant State Attorney Sherri Collins, whom together engaged in a conspiracy to revoke the bond of criminal Defendant John Goodman, based on false allegations that he attempted to tamper with his ankle monitoring device, presumably for the purpose of escaping from the jurisdiction to avoid serving a prison sentence. Plaintiff, a Deputy Sheriff, employed by the Defendant, was retaliated against and punished by the Defendant, for engaging in activities protected by law, to wit, giving truthful testimony under subpoena that contradicted the false testimony of other deputies that was procured by former Assistant State Attorney Sherri Collins, for the purpose of revoking his appeal bond, and to send him to State prison, while his conviction for felony offenses was appealed.

2.  Plaintiff was removed from the Goodman detail and told she was under a criminal



investigation, and she was issued a 40 hour suspension in retribution for her lawful testimony, which resulted in Goodman being exonorated of the false charges brought by the PBSO and Collins that he tampered with his ankle monitor for the purpose of an escape.

3. The purported reason for the 40 hour suspension was an alleged failure to properly respond to a call unrelated to the Goodman case correctly; to wit, that she responded to a call on July 11, 2012 at the home of J.C. and/or J.C.'s girlfriend, because J.C.'s girlfriend suspected J.C., might have gained access to his own lawfully owned firearm and might harm himself. By the time deputies had arrived, the girlfriend had reported to them that things had calmed down and she had hidden the firearm from J.C. J.C. appeared to be coherent and in no distress, and both asked the deputies to leave that everything was under control. Plaintiff, spoke to J.C., the girlfriend, and assessed J.C.'s state of mind. Plaintiff did not have any probable cause to place J.C. in custody for any crime or to initiate an involuntary commitment under the Baker Act, so Plaintiff and another deputy left the scene. J.C.'s girlfriend was present and told Bott and the other deputy that she had the firearm secured and he would not be able to access it. For reasons unknown, the girlfriend returned the weapon to J.C., and he shot himself after being in a physical struggle with her. Although Plaintiff acted within the procedures and guidelines for deputy sheriffs responding to such a call, she was issued a 40 hour suspension without pay and was removed from further duty on the Goodman detail, resulting in a loss of income for her, and damage to her reputation. Plaintiff was also informed she was the subject of a criminal investigation as a result of her truthful testimony that favored Goodman's defense relating to the false charges of tampering with his ankle monitor and escape. Plaintiff contends that the stated reason for this suspension, is not the true reason, and is a pretext for the real motivation, her truthful testimony that contradicted other deputies who sought to falsely

2

accuse Goodman of breaking his ankle monitor device for the purpose of escaping.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of $15,000, exclusive of attorney's fees and costs.

5. Venue is proper in this Court, because all acts complained of occurred in Palm Beach County, Florida.

## PARTIES

6. Plaintiff is a natural person residing in Palm Beach County, Florida. She was, at all times relevant hereto, employed by the Defendant as a Deputy Sheriff assigned to road patrol.

7. Defendant is the elected Sheriff of Palm Beach County, Florida. Defendant was and is Plaintiff's "employer," as that term is defined by the Florida Public Sector Whistleblower Act.

## FACTS

8. §112.3187(7), Fla. Stat., prohibits retaliation against "employees and persons" who, *inter alia*, "are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity."

9. Plaintiff was asked by ASA Collins to participate in a "hearing" conducted by the Circuit Court of Palm Beach County, an "agency" as defined by §112.3187(3)(a), Fla. Stat., and to provide testimony on October 12, 2012. When Collins discovered that Botts' report did not serve her interests in having Goodman's bond revoked, and that her testimony would undermine her goal of putting Goodman in prison and having his bond revoked, Collins then threatened Bott to leave the courtroom immediately, before the arrival of Goodman's lawyers, or that she would be escorted

3

under force if she did not leave. Collins presented testimony of other deputies at this hearing who falsely testified that Goodman had attempted to or did break the ankle monitor device. Bott was the first deputy on the scene and had reported in her written incident report, and oral report, that no such incident had occurred and that it was a later arriving deputy sheriff, Sergeant Lawrence from Alternative Custody, who broke open the ankle monitor while inspecting the device, and then falsely claimed that Goodman had broken it.

10. Deputies Carino, Castillo (case manager) and Sgt. Lawrence had falsely reported that Goodman appeared nervous in an attempt to make him appear "guilty" of tampering with the device, and claimed to find "evidence" that he had struck the device with a hand held mirror. Goodman actually had alerted Bott to the device making a noise after he had taken a shower; she did not observe him trying to damage or free himself of the device, and did not believe that he would have alerted her to the device making a noise if his intentions were to free himself of the device for the purpose of escape. He was calm and cooperative in his demeanor at all times, but as other deputies arrived, he did become concerned that this event was going to be used to revoke his bond. It appeared to the Plaintiff that the device simply malfunctioned, which does happen from time to time with said devices.

11. On belief and information, Collins did not reveal Bott's report to the Court or defense counsel at the hearing of October 12, 2012. It is believed defense counsel discovered Bott's report as a result of taking the depositions of other deputies whose reports, favorable to the State Attorney's position, mentioned Bott as being present, when she was actually in Goodman's house as part of the Court required home detention detail.

12. As a result of the false testimony presented by ASA Collins at the hearing before the

Court on October 12, 2012, the Court remanded Goodman to the Palm Beach County Jail, pending further hearing in the case.

13. On November 7, 2012 and November 8, 2012, Plaintiff appeared for a deposition after she was subpoenaed for by Goodman's attorneys. Most of the deposition was spent by ASA Collins attempting to berate and intimidate Plaintiff into disavowing her official reports about this matter, and attacking her factual testimony that contradicted the false testimony of other deputies. That testimony constitutes protected activity under §112.3187(7), Fla. Stat. On blief and information, ASA Collins had not provided Plaintiff's offense report to Goodman's counsel and objected to Plaintiff providing it during her deposition.

14. Plaintiff was subpoenaed by Goodman's defense team for the hearing that would determine whether or not Goodman's bond would be revoked on December 18, 2012, and she testified truthfully that there was no evidence whatsoever that Goodman had attempted to tamper with the monitoring device; that he had approached her in a calm manner to explain that there appeared to be a problem with the device; and that his demeanor did not evince a consciousness of guilt about the device being tampered with. Based on its ruling, the Circuit Court found Botts' testimony credible, rejected the false evidence that Collins presented, and continued Goodman's bond, releasing him from the Palm Beach County Jail to return to his home under his bond.

15. Thereafter, Plaintiff was removed from the Goodman detail, in retaliation for her testimony, and was suspended for 40 hours without pay for wholly pretextual reasons. Plaintiff was informed that she would not be permitted to sign in to the Goodman detail because of a pending investigation about her "statements" in the Goodman matter on February 17, 2013, by an email from Lt. Steven Thibodeau, attached as **Exhibit 1** and incorporated herein. Defendant suspended Plaintiff

with a 40 hour suspension on July 2, 2013, with a Personnel Action Form (PAF) attached as **Exhibit 2** and incorporated herein.

16. In addition, her reputation within her place of employment has been harmed, because she declined to perjure herself for the sake of sending a notorious criminal defendant to prison before he exhausted his appellate rights under a bond that was approved by the Court.

17. Plaintiff has suffered economic harm, loss of reputation, mental anguish, loss of the enjoyment of life, and other pecuniary and non pecuniary damages.

18. Prior to filing this action, Plaintiff provided notice to the Defendant of this claim by letter dated May 17, 2013, to provide him with an opportunity to review the conduct of his agents and employees in this case, attached as **Exhibit 3**. Plaintiff was ordered to serve her suspension on July 21, 2013, July 26, 2013-July 29, 2013, after Defendant's receipt of said letter.

**COUNT I: §112.3187, Fla. Stat.**

19. Plaintiff realleges ¶¶1-18 herein. This claim was brought within 180 days of the adverse actions set forth in ¶15.

20. Defendant, or his agents and employees with authority to act, retaliated against the Plaintiff for her participation in a hearing, as set forth above.

21. An "agency" is defined as "any...local or municipal government entity." §112.3187(3)(a), Fla. Stat. The Defendant is an agency within the meaning and intent of the statute.

22. §112.3187(4)(a), Fla. Stat., provides that "[a]n agency...shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section."

23. §112.3187(5)(a), Fla. Stat., provides for protections of employees who disclose

6

"[a]ny violation or suspected violation of any federal, state, or local law, rule or regulation by an employee...of an agency...which creates and presents a substantial and specific danger to the public's health, safety or welfare."

24. Plaintiff, through her compelled participation in a judicial process, disclosed a conspiracy to obstruct justice in the case of Goodman, by perjured testimony that was designed to send Goodman to prison prior to his appeal being adjudicated as set forth in the bond approved by the Court.

WHEREFORE, Plaintiff respectfully requests:

a) An award of damages, including lost wages and benefits;

b) Compensatory damages for mental anguish, loss of reputation; loss of the enjoyment of life;

c) Attorney's fees and costs;

e) Any other relief deemed just and proper.

## COUNT II - 42 U.S.C. SECTION 1983

25. Plaintiff realleges ¶¶1-18 herein.

26. This action is brought by Plaintiff against Defendant. A violation of Plaintiff's right of free speech as guaranteed First Amendment to the United States Constitution is actionable pursuant to 42 U.S.C. § 1983. At all times relevant hereto, Defendant and his agents and employees acted under color of law.

27. Defendant's actions against Plaintiff, as set forth above, violated Plaintiff's right of freedom of speech, which includes the right and obligation to truthfully testify in a court proceeding without reprisal. Plaintiff's testimony and duty to truthfully testify is a matter of great public

importance. The Goodman case was widely reported in the media in Palm Beach County and even nationally and internationally and the issues which Plaintiff exposed through testimony, about a conspiracy to frame Goodman, a notorious and unpopular billionaire and criminal defendant, constitute a matter of great public importance.

28. At all times relevant hereto, Defendant made decisions that adversely affected Plaintiff's employment status because after being subpoenaed to appear as a witness in a court proceeding, testified truthfully that contradicted the testimony of other deputies who were conspiring to obstruct justice in the case of Goodman through perjured testimony that was designed to send Goodman to prison prior to his appeal being adjudicated as set forth in the bond approved by the Court.

29. As a result of the Defendant's actions, Plaintiff has suffered lost wages and benefits, suffered harm to her reputation, mental and emotional anguish, and other damages including loss of career advancement opportunities.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

(a) Lost wages and benefits, compensatory damages and equitable relief;

(b) Reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

(c) Any such further relief as this Court deems just and proper.

UNDER PENALTY OR PERJURY, I attest that the factual allegations set forth above are true and correct to the best of my knowledge and belief.

## JURY DEMAND

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

BRIDGETTE BOTT

Respectfully submitted,

ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
GUARANTY BUILDING
120 South Olive Ave, Suite 401
West Palm Beach, FL 33401
Telephone: (561) 832-7732
Telecopier: (561) 832-7137
E-Mail: isidrogarcia@garcialaborlaw.com
e-service: eservice@garcialaborlaw.com
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished **VIA FLORIDA E-FILING PORTAL (smorales@anblaw.com and rnorton@anblaw.com)** to: Suhaill Morales, Esq. and Robert Norton, Esq., Allen, Norton & Blue, P.A., 121 Majorca Avenue, 3rd Floor, Coral Gables, FL 33134 this 7 day of May, 2018.

ISIDRO M. GARCIA

9

**Bott, Bridgett**

| | |
|---|---|
| **From:** | Thibodeau, Steven M |
| **Sent:** | Sunday, February 17, 2013 8:32 AM |
| **To:** | Bott, Bridgett |
| **Cc:** | Thibodeau, Steven M |
| **Subject:** | Re: DETAIL |

Deputy Bott,

This is under investigation, to include your statements, and because of that you cannot work the detail.

This concludes any further explanation.

Lt. Thibodeau

On Feb 17, 2013, at 1:49, "Bott, Bridgett" <BottB@pbso.org> wrote:

> Lt Thibodeau,
> As of today's date ( 2-17-13) I still have not heard back from you about my previous emails. I still am looking for clarification on why I cannot work the Goodman detail. If you are unable to give me that information can you please give me the name of a person who I can contact that can help me. Thank you   Bridgette Bott



1

000001

## PALM BEACH COUNTY SHERIFF'S OFFICE
### PERSONNEL ACTION FORM

**Name:** Bott, Bridgett
**ID#:** 8532
**Social Security #** (New Hires Only): _____

**Action:**
- [ ] New Hire
- [ ] Rehire
- [ ] Promotion
- [ ] Reclassification
- [ ] Demotion
- [ ] Transfer
- [ ] Posting #: _____ (New Hires only)
- [ ] Salary Change: Reason - _____
- [ ] Specialty Pay: Type - _____
- [ ] Leave: Type - _____
- [ ] Separation: Reason - _____
- [x] Other: Suspension time
  *Use the "Other:" field for actions not specified above.*

[ ] Add  [ ] Remove
[ ] With Pay  [ ] Without Pay

South Regional Bureau

JUN 26 2013
Received

**FROM:**
- Job Title: N/A
- Section # / Name: 4040 - District 1, West Palm Beach
- Position Name: Deputy Sheriff LE
- Pay (Grade/Step/Point): $ _____
- Flex Field Title: _____
- Anniversary Date: 10/27

**TO:**
- New Supervisor: Lt. J. Swank
- Effective Date: 07/21/2013
- Job Title: NC
- Section # / Name: NC
- Position Name: NC
- Pay (Grade/Step/Point): NC   $ _____
- Flex Field Title: _____
- Anniversary Date: _____

**Remarks** *(Characters limited to this box, please limit to a maximum of 7 lines / 1 paragraph to keep the form on one page):*

Employee suspended for 5 days (40 hours) without pay regarding PC #12-063.
Suspension days to be served on: 07/21/13, 07/26/13, 07/27/13, 07/28/13, 07/29/13.

**RECEIVED & REVIEWED**
**JUL -5 2013**
**MGR. JAMES PHILLIPS**

**Prepared by:** Jennifer Dameron   **Date:** 02/25/2013   **ID#:** 7371

**Signature indicates review and approval:** FILE

- Employee: _____   Date: _____   ID#: _____
- Supervisor: [signed]   Date: 6/25/13   ID#: 4280
- Capt/Division Commander: [signed]   Date: 06/25/13   ID#: 4991
- Major/Asst. Director/CFO: [signed]   Date: 6/26/13   ID#: 2807
- Colonel/Director: [signed]   Date: 7-1-13   ID#: 2078
- Sheriff/Designee: Chief Deputy Gauger, OIC   Date: 7-2-13   ID#: 1314
- Reviewed By Human Resources: _____   Date: _____   ID#: _____

PBSO #0117 REV. 12/08


PLAINTIFF'S EXHIBIT 2

# GARCIA LAW FIRM, P.A.
## Isidro M. Garcia

VIA TELECOPIER 561/688-3033
May 17, 2013

Sheriff Ric L. Bradshaw
Sheriff of Palm Beach County
3288 Gun Club Road
West Palm Beach, Florida 33406

Re: Deputy Bridgette Bott

Dear Sheriff Bradshaw:

I represent Ms. Bott in the matter related to her recent suspension from the PBSO. Ms. Bott was disciplined for 40 hours without pay after she gave testimony in the case of State of Florida v. Goodman, Case No.: 50-2010 CF005829AXXXMB. Her testimony contradicted the testimony of other deputies who had, in conjunction with the Office of the State Attorney, given testimony claiming that Mr. Goodman, on house arrest under the supervision of the PBSO, had attempted to break out of his ankle monitor. The testimony of other deputies was used by the State Attorney's Office to seek to remand Goodman to State prison and revoke his bond pending the appeal of his criminal conviction to the Fourth District Court of Appeal.

The background of the events leading up to Bott's suspension without pay began when Goodman told her there was a problem with the ankle monitor. Bott was joined by the other deputy outside the home, who also examined the monitor. Bott asked Goodman to stomp his feet to see if the device was still working; he complied and the device did send a signal to the monitoring company, which promptly called Bott to confirm that Goodman was still there and then asked to speak to Goodman, which was done. Subsequently, after a massive response of deputies and supervisors to the Goodman home, Bott observed Sgt. Lawrence examining the device and removing the black box so that it was completely open. When Goodman showed her the device, she had only observed a small crack but that the black box was still intact and in the device.

Subsequent to this date, on October 11, 2012, ASA Collins told Bott she had read her report and requested that Bott attend the hearing of October 12, 2012 because she (Bott) "was the lucky one." Collins then asked Bott what happened; after hearing her story, Collins asked

e-mail:isidrogarcia@bellsouth.net
www.garcialaborlaw.com
224 Datura Street, Suite 900, West Palm Beach, Florida 33401
Telephone (561) 832-7732 • Telecopier (561) 832-7137


PLAINTIFF'S EXHIBIT 3

Bott if anyone else had spoken to her, to which she said no. Upon arriving in the Courtroom as requested on October 12, 2012, Collins confronted Bott and told her to leave immediately or she would be removed. Collins apparently did not wish for Goodman's lawyers to see her and they did not have her report at this time. She left as Collins demanded. In Supplement Number 3, Detective Carino misrepresents the conversation of Collins directed to Bott. Two other attorneys, not affiliated with Goodman or his defense team, witnessed this conversation, and support Bott's version of the conversation. Carino's report then goes on to claim that Bott was "emotional" in an apparent attempt to dilute her credibility; Bott was surprised and shaken that she had been threatened with removal from the courtroom by an ASA, who just the night before requested her to appear at the hearing. But she had just testified in another case for the State Attorney's Office and helped secure a conviction for an aggravated stalking case where she also testified truthfully, without the embellishment apparently expected of her in the Goodman case. It is clear that sending her home under threat of bodily removal was an attempt to obstruct justice by keeping her from testifying before the Court.

In any event, playing fast and loose with facts and failing to disclose Bott, ASA Collins was able to have the Court remand Goodman to the PBC Jail, pending a full evidentiary hearing. In the meantime, Bott's report was eventually obtained, presumably by Collins, to Goodman's attorneys and they took her deposition, where Collins grilled her about her alleged mental state, suggesting she had sympathy for Goodman. She was subsequently brought to testify at the hearing of December 22, 2012 by subpoena issued by Goodman's lawyers. Her testimony was credited by the Court, and Goodman's bond was maintained.

In retribution for her truthful testimony, my client was removed from further work on the Goodman detail and has been informed, although not officially, that she is under investigation for the statements she made in the Goodman case. In addition, she was given a 40 hour suspension, on or about January 17, 2013, for an unrelated case where she had exercised her best judgment regarding a man who committed suicide subsequent to her responding to his home and interviewing him. Bott had decided there was no probable cause to Baker Act him because he was not, in her judgment, suicidal or someone who she believed would hurt others. Because of the timing of the discipline, the second guessing of her own independent judgment (and that of another deputy who was on scene), this appears to be retaliation for her truthful testimony in the Goodman case. Deputies who are involved in fatal shootings are given more of a benefit of the doubt than Bott was regarding this individual. Despite law enforcement officer's best efforts, people determined to end their life will find a way to do it.

Under §92.57, Fla. Stat., an employee may not be punished for testifying in a court proceeding in a manner that her employer does not approve of. Under §112.3187, Fla. Stat., a public sector employee may not be punished for disclosing facts which demonstrate a crime has been committed, in this case, obstruction of justice, by the joint participation of members of your staff and a member of the Office of the State Attorney. Even if what

Goodman did is a reprehensible crime, the conspiracy to terminate his bond, prior to the exhaustion of his appeals, is contrary to the laws your officers are sworn to uphold.

Since these facts were obviously not known to you, the purpose of this letter is to make you aware of the facts so that you can reverse the 40 hour suspension; terminate whatever secret retaliatory investigation the Internal Affairs Department is being prodded by persons unknown into conducting; and reinstate my client to the overtime detail she had performed ably since on or about May, 2012, or a comparable assignment. This information is being provided also to Dave Aronberg, State Attorney, since these events preceded his tenure at that office, the Florida Attorney General and the Department of Justice, since the actions against my client, and the initial actions relating to the presentation of this case, may implicate federal laws.

It is my client's sincere hope that this can be resolved quickly and informally without the need for litigation and to that end, she and I can be available anytime on Monday, or at other times of your choosing next week, to discuss with you and your representatives a prompt resolution.

Very truly yours,

ISIDRO M. GARCIA

Copy via e-mail transmission: Dave Aronberg (dave@sa15.org); Pam Bondi, Attorney General of Florida (pam.bondi@myfloridalegal.com); Eric Holder, Attorney General of the United States of America (via telecopier)

# GARCIA LAW FIRM, P.A.

Telecopier: (561) 832-7137

FACSIMILE TRANSMITTAL SHEET

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. THANK YOU.

**DATE:** May 17, 2013

**TOTAL NUMBER OF PAGES** (including this page): 4

PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**NAME:** Sheriff Ric L. Bradshaw

**LOCATION:** Palm Beach County Sheriff's Office (561) 688-3033

**FROM:** Ashley, Assistant to I. Garcia

**REFERENCE:** **Deputy Bridgette Bott**

**ENCLOSED:** Please see letter.

---

www.garcialaborlaw.com
224 Datura Street, Suite 900, West Palm Beach, Florida, 33401
Telephone (561) 832-7732 Telecopier (561) 832-7137 e-mail: isidrogarcia@bellsouth.net

TRANSMISSION VERIFICATION REPORT

```
TIME    : 05/17/2013 15:18
NAME    : GARCIA LAW FIRM PA
FAX     : 5618327137
TEL     : 5618327137
SER.#   : BROG7J672696
```

```
DATE,TIME        05/17  15:16
FAX NO./NAME     6883033
DURATION         00:01:24
PAGE(S)          04
RESULT           OK
MODE             STANDARD
                 ECM
```

# GARCIA LAW FIRM, P.A.

Telecopier: (561) 832-7137

## FACSIMILE TRANSMITTAL SHEET

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. THANK YOU.

**DATE:** May 17, 2013

**TOTAL NUMBER OF PAGES** (including this page): 4

PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

**NAME:** Attorney General, Eric H. Holder, Jr.

**LOCATION:** Office of the Attorney General (202) 307-6777

**FROM:** Ashley, Assistant to I. Garcia

**REFERENCE:** Deputy Bridgette Bott

**ENCLOSED:** Please see letter.

www.garcialaborlaw.com
224 Datura Street, Suite 900, West Palm Beach, Florida, 33401
Telephone (561) 832-7732 Telecopier (561) 832-7137 e-mail: isidrogarcia@bellsouth.net

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/17/2013 15:25
NAME   : GARCIA LAW FIRM PA
FAX    : 5618327137
TEL    : 5618327137
SER.#  : BROG7J672696
```

```
DATE,TIME       05/17  15:24
FAX NO./NAME    12023076777
DURATION        00:00:56
PAGE(S)         04
RESULT          OK
MODE            STANDARD
                ECM
```